UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WOLFMAN CONSTRUCTION | CIVIL ACTION |
| VERSUS | NO. 12-613 |
| PORTEOUS, HAINKEL & JOHNSON LLP | SECTION: A(5) |

**O R D E R**

Before the Court is a **Motion to Consolidate Cases (Rec. Doc. 4)** by Defendants Porteous, Hainkel, & Johnson, LLP, and a **Motion to Remand to State Court (Rec. Doc. 13)** by Plaintiff Wolfman Construction, LLC. These cases were noticed for submission on March 28, 2012 and April 25, 2012, respectively, and are before the Court on the briefs. For the following reasons, the Motion to Remand to State Court is **GRANTED** and Motion to Consolidate Cases is **DISMISSED** as moot.

**I.     BACKGROUND**

On March 1, 2012, Plaintiff Wolfman Construction, LLC filed a lawsuit in the Small Claims Division, First City Court, State of Louisiana against the law firm of Porteous, Hainkel & Johnson, LLP.[1] On March 8, 2012, Defendants removed the action from the Small Claims Division to the United States District Court for the Eastern District of Louisiana pursuant to 28 USC § 1367 and 1446.

In its petition, Plaintiff alleged that Defendant breached a contract between the parties by cancelling a deposition without sufficient advance notice and then refusing to pay Plaintiff's

---

[1] The case bears number 12-30073, Section "B", and is entitled *Wolfman Construction v. Porteous, Hainkel & Johnson Law Firm*.

1

expert witness fees.  Plaintiff claims three thousand dollars ($3,000.00) in damages.  In their Notice of Removal, Defendants allege that this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  According to Defendants, Plaintiff's suit for an alleged breach of contract to pay expert witness fees is "so related" because Plaintiff was hired as an expert for the plaintiff, Rowland Bercy, in another case filed in this court: *Rowland Bercy v. State Farm Fire and Casualty Company*.[2]

According to Defendants, who also represent the defendant State Farm Fire and Casualty Company in the *Bercy* action, due to an expert witness fee dispute, State Farm was unable to obtain testimony related to the expert opinions of Bercy's expert, Plaintiff Wolfman Construction.  Defendants state that after they attempted unsuccessfully to depose Plaintiff on March 6, 2012, Plaintiff filed suit against them in Small Claims Court.  Defendants subsequently filed their Notice of Removal within thirty (30) days of first receipt of a copy of the initial pleading setting forth the claim or relief upon which this action is based; therefore, the removal is timely under the procedural requirements of 28 U.S.C. § 1446(b).[3]

In its Motion to Remand, Plaintiff argues that the instant case does not meet the statutory standards of supplemental jurisdiction and was therefore improperly removed.  Additionally, Plaintiff asserts that Plaintiff's claim involves an application of state law in the collection of a

---

[2] Civil Action No.: 11-2251, Section A(5).

[3] Plaintiff does not dispute the timeliness of the removal.

2

debt, the basis of which is a verbal contract between the parties. Plaintiff notes that the parties are non-diverse and that the amount in controversy does not nearly satisfy the jurisdictional limit; therefore, the Court would not otherwise have original jurisdiction of this claim. Plaintiff further argues that its claim for expert fees is not so related to the claims raised in *Bercy* as to form a part of the same case or controversy under Article III of the United States Constitution.

## II. LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction." Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S., 362 F.3d 333, 336 (5th Cir. 2004). As such, federal courts must "presume[ ] that a [suit] lies outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In a removal action, it is the removing party that "bear[s] the burden of establishing jurisdiction." Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). Because removal raises significant federalism concerns, courts must strictly and narrowly interpret the removal statutes, with any doubt construed against removal and in favor of remand. Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).

> The general removal statute is found at 28 U.S.C. § 1441 and provides in relevant part:
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). Original jurisdiction, in non-maritime claims, lies where the conditions of either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity jurisdiction) are satisfied. Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). The right of removal is strictly a creature of statute and a suit commenced in state court must stay there until a basis for removal is

shown under some act of Congress. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N. R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Thus, there can be no removal to federal court based on § 1441(a) in the absence of original jurisdiction whether based on diversity or federal question.

Defendants do not allege original jurisdiction in their Notice of Removal. Supplemental jurisdiction was the sole jurisdictional basis alleged, but supplemental jurisdiction is not original jurisdiction and therefore cannot confer removal rights. Syngenta, 537 U.S. at 34. In fact, the Supreme Court has expressly rejected removal based on supplemental jurisdiction. In Syngenta Crop Protection, Inc. v. Henson, the Supreme Court held that a district court's supplemental jurisdiction over a claim could not support removal. 537 U.S. 28, 34, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). In Syngenta, the defendant removed a state court action whose prosecution specifically contradicted a stipulation that the plaintiff had agreed to as part of the settlement of a prior federal lawsuit. The federal district court had expressly retained jurisdiction over the federal settlement. Syngenta, 537 U.S. at 33-34. The Supreme Court recognized that the federal court had ancillary jurisdiction over any claims arising under the settlement but the Court refused to expand removal beyond the strict dictates of the statute, which requires original jurisdiction. Id. at 34.

Where, as here, the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist. No federal court had original jurisdiction over Plaintiff's claims, and § 1367, by its own terms, cannot fill the void. Section 1367 grants "supplemental jurisdiction" over state claims, not original jurisdiction. Halmekangas v. State Farm Fire and Cas. Co., 603 F.3d 290 (5th Cir.

4

2010). The supplemental jurisdiction statute is not a source of original subject matter jurisdiction, and a removal petition therefore may not base subject matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject matter jurisdiction, and even if removal would be efficient. Id. at 294-295 (citing Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted)).

### III. CONCLUSION

In sum, Plaintiff's state law petition does not confer original jurisdiction in federal court. Removal based on supplemental jurisdiction has been expressly rejected by the United States Supreme Court and the Fifth Circuit. Removal was not proper and the motion to remand must be granted.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 13)** is hereby **GRANTED.** This action is hereby **REMANDED** to the Small Claims Division, First City Court, State of Louisiana;

**IT IS FURTHER ORDERED** that Defendants' **Motion to Consolidate Cases (Rec. Doc. 4)** is hereby **DENIED** as moot.

This 4th of May, 2012.

Judge Jay C. Zainey
United States District Court

5